UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MELODY JACKSON' HALE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:17-cv-322 |
| | ) |
| CHILD PROTECTIVE SERVICES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Melody Jackson Hale has filed a *pro se* complaint related to the termination of her parental rights by the State of Indiana, along with a petition for leave to proceed *in forma pauperis*. (DE 1; DE 2.) The complaint describes a series of events that occurred nearly two decades ago, when Hale lost custody of her two young sons. (DE 1 at 2.) It's not crystal clear, but it appears that the Department of Child Services took custody of Hale's older child after he became "sick," was airlifted from the local hospital to a children's hospital, and was diagnosed with failure to thrive and "a very small touch of shaken baby syndrome." (*Id.*) Hale later relinquished custody of her younger child—she says because of constant threats and harassment by DCS. (DE 1-1 at 2.) Appended to Hale's complaint are a hodgepodge of incomplete documents related to DCS's investigation and the state court case, with annotations by Hale in places where she thinks the information provided is inaccurate. (*See, e.g.*, 1-1 at 14.) Those documents include a Petition to Terminate Parent-Child Relationship against Hale and Kenneth Stanton, filed by the Kosciusko County Office of Family & Children in November 1997

and apparently ultimately granted. (DE 1-1 at 10-11; DE 1 at 3.) Giving the complaint the liberal reading I am required to give all *pro se* complaints, it attempts to allege discrimination by DCS against Hale due "to her childhood" and seeks damages for her pain and suffering and release of her children's adoption records. (DE 1 at 3.)

Because Hale has moved to proceed without paying the filing fees, I must analyze her claims under 28 U.S.C. § 1915(e)(2) and dismiss the action if it is frivolous or malicious or fails to state a claim on which relief may be granted—which is the case. Hale vaguely refers to the violation of her civil rights and says she was discriminated against due to her upbringing, but she hasn't set out a cognizable claim of any sort under federal law—and I don't think she could. She might try to plead an equal protection or due process claim against the DCS, but those would be untimely, since the conduct she complains of took place almost two decades ago. *See Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013) (stating that section 1983 constitutional claims have a two-year limitations statute deriving from Indiana's personal injury statute of limitations).

For these reasons, her case must be dismissed. It is usually necessary to allow a plaintiff to file an amended complaint when a case is dismissed *sua sponte*, but that is not required where any amendment would be futile. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). That's the case here, and so Hale will not be permitted to amend her complaint.

## Conclusion

Accordingly, the complaint (DE 1) is **DISMISSED** pursuant to 28 U.S.C.

§ 1915(e)(2), and the petition for leave to proceed *in forma pauperis* (DE 2) is **DENIED**.

**SO ORDERED**.

Entered: May 23, 2017.

s/ Philip P. Simon
JUDGE, UNITED STATES DISTRICT COURT